JOHN RILEY *et ux.*, Respondents, v. GRAND ISLAND RECEIVERS, Appellants.

Kansas City Court of Appeals, November 22, 1897.

1. **Negligence**: THROWING LOG FROM A MOVING TRAIN: DEMURRER TO EVIDENCE: FELLOW SERVANT. On an examination of the evidence it is held to be negligence in throwing planks from a moving train to throw the forward end off first; and in an action on the Kansas statutes the fact that a co-employee committed the negligent act will not defeat a recovery.,

2. **Descent and Distribution**: ACTION: KANSAS STATUTE. Under the Kansas statute damages for the negligent killing of a person inures to his widow and children, if any, or the next of kin, and the parents take in the absence of wife or children; and such parents, when no administration is had, may sue in their own names for the killing of their son whether they reside in Kansas or any other state.

3. **Interstate Comity**: RIGHT TO SUE IN MISSOURI COURTS: STATUTE. Under the act of April 20, 1891, a plaintiff may maintain in the courts of this state suits upon any cause of action that may have accrued to him under the law of any other state.

4. **Damages**: EXCESSIVE: SPECULATIVE. The Kansas statute fixed the limit of responsibility for negligent killing at $10,000. Plaintiffs recovered a verdict of $1,500 for the death of a son who contributed from $50 to $200 annually to their support. *Held*, not excessive and the verdict in such cases must be to some extent speculative.

5. **Appellate Practice**: IRREGULARITY IN JUDGMENT: MOTION IN ARREST. Where appellant failed to call the lower court's attention on a motion in arrest to an irregularity in the form of the judgment, such irregularity can not avail in the appellate court.

*Appeal from the Buchanan Circuit Court.*—HON. H. M. RAMEY, Judge.

AFFIRMED.

*M. A. Reed* for appellants.

(1) The court below erred in overruling defendants' demurrer to plaintiffs' evidence. (2) At the

worst, this injury should only be deemed to have resulted from an accident. Both parties were intent on shoving the boards from the car. Accidentally, and not carelessly or purposely, the brother of the deceased swears that the front end dropped a little first. This difference in time he says was measured by a "flash"—such results must sometimes be expected until men sixteen feet apart can work with all the precision of a machine. *R. R. v. Tarver*, 11 S. W. Rep. 1043; *Henry v. R'y*, 113 · Mo. 526; *Garnell v. R. R.*, 113 Mo. 570; 1 Shearman and Redfield on Neg. [4 Ed.], sec. 59; *R. R. v. Henrice*, 92 Pa. St. 431.

*James W. Boyd* for respondents.

(1) Any cause of action which arises by virtue of the laws of Kansas or any other state may be maintained in this state by virtue of the act of the legislature of this state approved April 20, 1891. Laws of Missouri 1891, page 58. The case of *Mathews v. R'y*, 63 Mo. App. 569, was instituted and tried in this state and the plaintiff therein recovered. (2) The respondents only asked for compensatory damages—not penal. The instruction on this point is clear and explicit, and exceedingly fair to appellants. *R'y v. Dunden*, 37 Kan. 1–5; *R. R. v. Weber*, 33 Kan. 543. (3) The evidence is conclusive that the deceased was a resident of this state at the time of his death. (4) The appellants claim that the judgment is informal. No such complaint is presented in his motion for a new trial, and no motion in arrest of judgment was filed. *State ex. rel. v. Tate*, 109 Mo. 265–271.

Gill, J.—Plaintiffs are the parents of Benjamin F. Riley, who was killed while working on the St. Joseph & Grand Island Railroad where the same

passes through and was being operated in the state of Kansas. Young Riley was unmarried and without issue, and his father and mother bring this suit as next of kin to recover damages which they suffered by reason of his death. In a jury trial, plaintiffs had a verdict and judgment for $1,500, and the receivers of the road appealed.

STATEMENT.

The main point is whether or not the court erred in refusing to take the case from the jury. The action is based on the statute laws of Kansas which makes the railroad company liable to its servant for the negligent acts of a co-employee; and which provides that in case of death of the injured party, the damages, if recoverable by the employee if living, descend to the parents in the event of leaving no wife or children. These statutes were pleaded and proved.

Plaintiffs' evidence was to this effect: The deceased, a young man twenty-eight years of age, resided, when at home, with his parents at St. Joseph, Missouri. He was, and had been for a year or more, employed as a bridge carpenter along the line of defendants' road in the state of Kansas, and on the day he was killed seems to have been foreman of a gang of three men. Although of age he was accustomed to devote a good portion of his wages to the support of his parents. On November 18, 1893, a construction train of several flat cars was started on the road carrying lumber and materials for repairing fences, bridges and the like. The superintendent of bridges, the section boss, as well as young Riley with his two co-workers, were all on the train. The superintendent ordered that some half dozen or more fencing boards (sixteen feet long) be thrown off the train at a certain point and imposed the duty of this upon the deceased, instructing the section boss to see that it was unloaded at the proper place. While the train was in motion

these men piled the boards one on top of the other along the edge of the flat car so that they could be easily cast off at the proper time and place. The train was going west and the pile of sixteen-foot boards rested along the north edge of the car. As they approached the place where the lumber was to be left, the deceased took his place at the east or hindmost end of the bundle of boards, prepared to cast them off when the signal was given. One of the other men—whether the section foreman, as shown by plaintiffs' evidence, or one of the other hands, as testified by one of defendants' witnesses, is not certain—took position at the west or forward end of the stack of lumber; and while in that position, waiting for a signal from the road boss to throw off the plank, the man at the forward end suddenly threw his end off, it struck the ground and the east or hindmost end of the plank was thrown up against the face or breast of Riley and he was thereby pushed or knocked off, and falling between the cars was run over and crushed to death. The only substantial conflict in the evidence is, whether or not the forward or rear end of the lumber was first thrown off the car. All agree that, with the cars in motion as they were, the rear end of the lumber should have been first dropped from the car; this was manifestly the safest course.

On this state of facts I can see little reason for the contention that no negligence was shown on the part of defendants' servants. The conduct of the party holding the bunch of boards at the forward end, seems under the plaintiffs' evidence to have been almost grossly negligent. It is not very material whether the train was moving at a fast or slow rate of speed. Whether the one or the other, the result was one that might have reasonably been expected. It

NEGLIGENCE: throwing log from a moving train: demurrer to evidence: fellow servant.

was not a mere *accident*, but if plaintiffs' evidence is to be credited was an act of culpable negligence. That negligence was shown and that young Riley met his death by reason thereof is too plain for argument. And that this negligence was that of a co-employee, did not, under the laws of the state of Kansas, deprive the deceased, if he had survived, of a right to recover. R. S. of Kan. 1889, sec. 1251.

The laws of said state also provide that in case of death of the injured party, his personal representative may maintain an action; and that such damages, not to exceed the sum of $10,000, "inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased." Kan. Stat. 1889, sec. 4518. And further, if the deceased at the time resided in another state, or when, being a resident of Kansas, there was no administration, then, in either event, the action "may be prosecuted by the widow, or when there is no widow, by the next of kin of such deceased." Kan. Stat. 1889, sec. 4519. Under the statute of "Descents and Distributions" for the state of Kansas it is provided (sec. 2611) that "if the intestate leave no issue, the whole of his estate shall go to his wife, and if he leaves no wife or issue, the whole of his estate shall go to his parents."

*DESCENT and distribution: action: Kansas statute.*

In the case at bar Benjamin Riley, the deceased, left no wife nor issue; his parents therefore became entitled to the damages in question. The evidence tends to prove that at his death the domicile, or place of residence of said deceased, was in the state of Missouri. But whether residing in Missouri or Kansas, the proof shows that there had been no letters of administration taken out in either state, and that he had no property to administer other than this claim for damages. So

then, under the Kansas statutes just referred to, whether deceased resided in the one or the other state, these plaintiffs were entitled to bring this action for the damages accruing for the negligence aforesaid.

The plaintiffs then being entitled to prosecute their suit in the state of Kansas, it is clear that they may do likewise in the state of Missouri. "Whenever a cause of action has accrued under and by virtue of the laws of any other state or territory, such cause of action may be brought in any of the courts of this state, by the person or persons entitled to the proceeds of such cause of action; *provided* such person or persons shall be authorized to bring such action by the laws of the state or territory where the cause of action accrued." A further provision is also made that the proceeds of such action shall be distributed according to the laws of the state where the cause of action accrued. See act approved April 20, 1891; Laws of Mo. 1891, page 68. Whatever now may have heretofore been the rule of comity between the states as to the enforcement of causes of action accruing in foreign jurisdictions, the statutes above quoted settle the rights of the parties here, and unquestionably establish the right of the plaintiffs to maintain this action.

*Margin note: INTERSTATE comity: right to sue in Missouri courts: statute.*

The limit of responsibility fixed by the statute of Kansas is $10,000. The plaintiffs had a verdict for $1,500. Under the evidence there is no just cause to complain of this amount. The court in effect advised the jury that the amount awarded should be fixed on the theory of compensation. The testimony shows that the deceased habitually contributed from $50 to $200 annually for the support of these plaintiffs, his parents. So that it would seem $1,500 was not excessive. Such verdicts must, to some extent, be speculative. It can not, with

*Margin note: DAMAGES: excessive: speculative.*

any certainty, be declared how long the young man may have lived, or how long or how much he would have contributed to his parents' support.

The instructions have been examined and we find that the court was very liberal in giving those requested by defendant. Indeed, all asked were given, save only the instruction in the nature of a demurrer to the evidence. Neither is there any ground for complaint as to plaintiffs' instructions.

As to the objections to the form of the judgment, it is sufficient to say that defendants made no such complaint to to the lower court. No motion in arrest was filed nor was the matter alluded to even in the motion for new trial. It is, at most, too technical to deserve serious consideration.

<span style="float:left">APPELLATE practice: irregularity in judgment: motion in arrest.</span>

Other points mentioned in the briefs have been examined and are considered without merit. There was a fair trial and the judgment should be affirmed. The other judges concurring, it is so ordered.